[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11185
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00295-EAK-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHELLE MORTON,
a.k.a. Michelle Crocker,
a.k.a. Michelle L. Crocker-Rodgers,
a.k.a. Michelle Dalton,
a.k.a. Michelle Lynn Dalton,
a.k.a. Megan Michelle Davis,
a.k.a. Michelle Davis,
a.k.a. Michelle Lynn Dunn,
a.k.a. Michelle L. Morton,
a.k.a. Michelle Lynn Morton,
a.k.a. Michelle M. Dalton,
a.k.a. Megan Davis, etc.,

Defendant-Appellant.

———————————————————

Appeal from the United States District Court
for the Middle District of Florida
———————————————————

(December 15, 2010)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michelle Morton appeals her sentence of 96 months of imprisonment for bank fraud. 18 U.S.C. § 1344. Morton argues that her sentence is unreasonable. We affirm.

Morton's sentence is procedurally and substantively reasonable. The district court considered the sentencing factors and explained that Morton's "absolutely appalling" criminal record required an upward variance. 18 U.S.C. § 3553(a). The district court stated that a variance of 50 months was necessary to punish Morton adequately for her "serious[] . . . offenses," promote respect for the law, protect the public from future similar crimes, and also to address her "conduct in [the] past . . . 25 years," her "lack of conscience" as evidenced by her stealing her minor son's identity and defrauding an elderly cancer patient, her lack of remorse for her crimes, and her need for education and rehabilitation. The brevity of previous sentences militated in favor of a sentence above the range provided in

2

the Guidelines to remedy Morton's unrepentant recidivism and disregard for the law. We will not disturb a sentence unless "we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)). Morton has been convicted of 54 crimes involving fraud and has amassed 39 criminal history points, three times the amount required for a VI classification. Morton's sentence is reasonable.

We **AFFIRM** Morton's sentence.